**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0314-17T2

THE ASSOCIATION OF NEW
JERSEY CHIROPRACTORS, INC.,
and ROBERT BLOZEN, DC,

     Plaintiffs-Appellants,

v.

HORIZON HEALTHCARE
SERVICES, INC., d/b/a
HORIZON BLUE CROSS BLUE
SHIELD OF NEW JERSEY, INC.,

     Defendant-Respondent.

_____

        Submitted February 6, 2019 – Decided June 5, 2019

        Before Judges Accurso and Moynihan.

        On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1211-16.

        Jeffrey B. Randolph, attorney for appellants.

        White and Williams LLP, attorneys for respondent (Michael Oliver Kassak, Andrew I. Hamelsky, Edward Michael Koch, and Luke A. Repici, on the brief).

PER CURIAM

The Association of New Jersey Chiropractors, Inc. (the Association), a non-profit group consisting of chiropractic physicians licensed to practice in New Jersey, and one such chiropractor, Robert Blozen, (collectively, plaintiffs) appeal from the trial court's order dismissing their complaint with prejudice in granting defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey, Inc.'s motion to dismiss under Rule 4:6-2(e). We affirm the dismissal.

Plaintiffs challenged Horizon's OMNIA Plan (OMNIA), a health care plan which created two tiers of providers available to Horizon-insured consumers. Consumers who received care from in-network Tier One providers realized reduced deductible, co-insurance and co-pay obligations as compared to consumers who chose an in-network Tier Two health care provider.[1] Plaintiffs' complaint averred Horizon unilaterally classified only eighty-eight of the 1373[2] in-network chiropractors as Tier One providers. They claimed OMNIA's tiering

---

[1] We affirmed the decision of the Department of Banking and Insurance (the Department) approving the plan. Capital Health Sys., Inc. v. Dep't. of Banking & Ins., 445 N.J. Super. 522 (App. Div. 2016).

[2] In their merits brief, plaintiffs, without explanation, changed the number of Tier One chiropractors to ninety-five of 1392. The variance is inconsequential to our decision.

violated the Health Care Quality Act of 1997 (the Act), N.J.S.A. 26:2S-1 to -25. Specifically, plaintiffs alleged a regulation, N.J.A.C. 11:24A-4.10(b)(2), promulgated under the Act "require[s] carriers to have a sufficient number [of specialist providers], as applicable to the services provided in-network, to assure access within [forty-five] miles or one hour driving time, whichever is less, of [ninety] percent of covered persons within each county or approved sub-county service area." Plaintiffs also alleged OMNIA violated N.J.S.A. 17B:27-51.1, because Horizon failed to reimburse Tier Two chiropractors "for services within their scope of practice that fall within the Tier Two patient cost obligations." The trial court determined a private cause of action could not be maintained under the Act or N.J.S.A. 17B:27-51.1 and dismissed plaintiffs' complaint.

Our standard of review on appeal of a dismissal of a complaint for failure to state a claim under Rule 4:6-2(e) is de novo; we apply the same legal standard as the trial court when reviewing its reasoning. Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005). That well-established legal standard requires us to give plaintiffs the benefit of all their allegations and all favorable inferences in determining if a cause of action has been made out. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Although we recognize the liberality accorded plaintiffs' allegations, without concern for

plaintiffs' ability to prove the facts alleged in the complaint, ibid., a complaint must be dismissed if it fails to articulate a legal basis entitling plaintiffs to relief, see Camden Cty. Energy Recovery Assocs., LP v. N.J. Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd, 170 N.J. 246 (2001).

We agree with the trial court that neither the Act nor N.J.S.A. 17B:27-51.1, nor their concomitant regulatory provisions, create a private cause of action that would allow plaintiffs to maintain an action for enforcement. Neither statute expressly authorizes private enforcement actions. "New Jersey courts have been reluctant to infer a statutory private right of action where the Legislature has not expressly provided for such action." R.J. Gaydos Ins. Agency v. Nat'l Consumer Ins. Co., 168 N.J. 255, 271 (2001). Thus we examine whether there is an implied private right of action utilizing the tripartite test our Supreme Court adopted in Gaydos, 168 N.J. at 272.

> To determine if a statute confers an implied private right of action, courts consider whether: (1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.

A-0314-17T2

We review both pieces of legislation under those factors, recognizing the Court's prescription that, although each factor may be given varying weights, "the primary goal has almost invariably been a search for the underlying legislative intent." Id. at 272-73 (quoting Jalowiecki v. Leuc, 182 N.J. Super. 22, 30 (App. Div. 1981)).

Plaintiffs are not "member[s] of the class for whose special benefit," id. at 272, either piece of legislation was enacted. The Act's purpose was to "provide[] various consumer safeguards with respect to health insurance and the operation of managed care plans." S. Health Comm. Statement to S. 269 1 (Mar. 14, 1996). As plaintiffs concede in their merits brief, the Act "clearly benefits patients in the [S]tate by mandating minimum coverage requirements of insurance networks."

The Legislature required the Commissioner of the Department to promulgate rules and regulations "necessary to carry out the purposes of [the Act]. The regulations shall establish consumer protection and quality standards governing [health insurance] carriers" offering managed care plans. N.J.S.A. 26:2S-18. The regulation plaintiffs contend is violated by OMNIA, N.J.A.C. 11:24A-4.10(b)(2) – mandating carriers afford proximate services to ninety

percent of covered insureds in designated geographic areas – illustrates that consumers, not providers, are the class the Act is intended to benefit.

The purpose of N.J.S.A. 17B:27-51.1 is to afford insured consumers reimbursed medical services provided by licensed chiropractors. See Sponsor's Statement to A.23 (L. 1975, c.125) ("The purpose of this bill is to provide the health care consumer who is insured by a group health policy with payment by the company issuing the health insurance policy, for medical services rendered to him by a licensed chiropractor within the scope of his license."); see also Sponsor's Statement to A.22 (L. 1975, c.119); Pub. Hearing on A. Nos. 21, 22, and 23 Before S. Comm. on Labor, Indus. & Professions, 196th Leg., at 2 (1975) (statement of Joseph A. LeFante, Assemblyman) (According to bill sponsor, Assemblyman Joseph A. LeFante, the purpose of bill was "to give the consumer in New Jersey, who elects to use chiropractic services, reimbursement for his expenditures.").

The first prong of the Gaydos test focuses on the class which the Legislature intended to benefit. The applicable statutes were enacted for the benefit of consumers, not providers. Thus, we reject plaintiffs' contention that they "'step into the shoes' of their chiropractic patients as assignees of the

patients' health care contract with Horizon."  A private cause of action is not engendered by any ancillary benefits accorded chiropractors by the legislation.

Turning to the second <u>Gaydos</u> prong, in their merits brief plaintiffs do not advance that there is any evidence the Legislature intended to create a private cause of action under the Act.  And we reject plaintiffs' contention that N.J.S.A. 17B:27-51.1 "was intended as a sword for consumers, and their chiropractic doctors, to compel payment for chiropractic care."  The statute compels reimbursement to consumers in connection with their insurance contracts with a carrier.  As Assemblyman LeFante stated in support of the 1975 legislation, the purpose of the bill was to provide a healthcare insured "with payment by the company issuing the health insurance policy."  <u>Sponsor's Statement to A.23</u> (L. 1975, c.125).  Thus, while licensed chiropractors may provide medical services, they are not the object of the Legislature's protection.  There is no evidence the Legislature intended to grant chiropractors, or any other healthcare provider, a private right of action.

We reject plaintiffs' argument, addressing the third <u>Gaydos</u> prong, that "it may clearly be inferred that the purpose of the legislation is promoted by permitting parties to obtain a prospective declaratory judgment under the statutes cited, specifically through the mechanism of the New Jersey Declaratory

Judgment Act." We note a declaratory judgment is a form of equitable relief, subject to judicial discretion. In re Resolution of State Comm'n of Investigation, 108 N.J. 35, 46 (1987). A declaratory judgment claim cannot substitute an appeal. State v. Eatontown Borough, 366 N.J. Super. 626, 637 (App. Div. 2004). Plaintiffs cannot circumvent Gaydos's third prong by presenting a declaratory judgment claim. They have not demonstrated their claim is consistent with the underlying purposes of either enactment's legislative scheme to infer the existence of a private right of action, no matter the form.

Inasmuch as the Department extensively regulates group health insurance policy forms, see N.J.S.A. 17B:25-18.2; N.J.S.A. 17B:27-49; N.J.S.A. 17:48E-13.2, and the Act and regulations promulgated thereunder, N.J.A.C. 11:24A-1.1 to -5.3, include civil administrative enforcement provisions, see N.J.S.A. 26:2S-9.3, -16, we heed the Court's observation that "New Jersey courts have generally declined to infer a private right of action in statutes where the statutory scheme contains civil penalty provisions," Gaydos, 168 N.J. at 274.

Specifically, as to insurance contracts, the Court added:

> our courts have similarly concluded that where there is no discernable legislative intent to authorize a private cause of action in a statutory scheme that already contains civil penalty provisions, the courts will not infer a private cause of action. As the Appellate Division noted in In re Commissioner of Insurance's

March 24, 1992 Order, 256 N.J. Super. 158, 176 . . . (App. Div. 1992), aff'd, 132 N.J. 209 (1993),

> [w]henever the Legislature intended to create civil penalties for violations of insurance statutes, regulations, and Department orders, it knew how to do so . . . . Implied remedies are unlikely to be intended by a Legislature that enacts a comprehensive legislative scheme including an integrated system of procedures for enforcement.
>
> [Gaydos, 168 N.J. at 275 (first alternation in original).]

Both statutory enactments involve a great deal of oversight by the Department, including enforcement, militating against a private cause of action. See ibid. at 274.

We also note that consumers – the persons intended to be protected by both enactments – are not named plaintiffs in this suit. See N.J.S.A. 2A:16-56 ("When declaratory relief is sought, all persons having . . . any interest which would be affected by the declaration shall be made parties to the proceeding."); Med. Soc'y of N.J. v. Amerihealth HMO, Inc., 376 N.J. Super. 48, 56 (App. Div. 2005).

Finally, we observe plaintiffs are seeking to enforce rights which the Act and N.J.S.A. 17B:27-51.1 do not confer upon them. In their complaint, plaintiffs pray for: injunctive relief restraining Horizon from "improper tiering of

9

chiropractic physicians"; a declaration that the "improper tiering of chiropractors [under] OMNIA or other similar plans is arbitrary, capricious, and/or void as violative of New Jersey law and/or public policy"; restraints against Horizon from denying chiropractors participation as Tier One providers. Again, the enactments were for consumers' benefit. OMNIA is not inconsistent with those aims. Consumers may select an in-network provider, whether Tier One or Two, depending on the consumer's preference for a particular doctor or economic circumstance. Plaintiffs do not contend any geographic areas are underserved by in-network chiropractors; hence, there is no evidence the Act-related regulation cited by plaintiffs, N.J.A.C. 11:24A-4.10(b)(2), is violated by the tiering scheme. And there is no evidence the tiering scheme has had any impact on the reimbursement of consumers, implicating N.J.S.A. 17B:27-51.1. In short, plaintiffs are not persons "whose rights, status or other legal relations are affected by a statute" who "may have determined any question of construction or validity arising under the . . . statute" by means of a declaratory judgment action. N.J.S.A. 2A:16-53.

Plaintiffs' claim that a private cause of action is required under New Jersey public policy to address critical access to healthcare issues in light of the opioid drug crisis was not raised before the trial court and will not be considered on

10

appeal. <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973). To the extent not addressed in this decision, plaintiffs' other arguments are without sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

We determine, after giving plaintiffs' pleading the benefit of all favorable inferences, <u>Printing Mart-Morristown</u>, 116 N.J. at 746, that plaintiffs failed to state a cause of action and, therefore, their complaint was correctly dismissed.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0314-17T2